IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM F. BURRIS, | : |
|         Petitioner, | : |
| v. | :    Civ. Act. No. 20-433-LPS |
| ROBERT MAY, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
|         Respondents. | : |

## **MEMORANDUM**

**I.     BACKGROUND**

In April 1992, Petitioner was indicted on ten counts of first degree unlawful sexual contact and seven counts of sexual exploitation of a child. *See Burris v. May*, 2021 WL 3679610, at *1 (D. Del. Aug. 19, 2021). The indictment alleged that Petitioner engaged in sexual intercourse with his thirteen year old daughter and photographed her engaging in the prohibited sexual acts on five separate dates. On June 1, 1992, Petitioner pled guilty to first degree unlawful sexual intercourse, second degree unlawful sexual intercourse (as the lesser-included offense of first-degree unlawful sexual intercourse), and two counts of sexual exploitation of a child. The Superior Court sentenced Petitioner on August 7, 1992 to forty-five years of Level V incarceration, suspended after forty-two years for decreasing levels of supervision. Petitioner did not appeal his convictions or sentence. In October 1992, Petitioner filed a motion for reduction of sentence, which the Superior Court granted. On March 15, 1993, the Superior Court reduced Petitioner's sentence to thirty-three years at Level V, suspended after thirty years for decreasing levels of supervision. *See id.*

On October 16, 1991, prior to the resolution of his Delaware case, Petitioner pled guilty in the Circuit Court for Kent County, Maryland in two separate cases to child abuse by a parent, child abuse by a custodian, and photographing or filming a minor engaging in a sex act. *See Burris*, 2021 WL 3679610, at *1. It appears that Petitioner was sentenced to serve a total of six years in prison, followed by probation. Petitioner served his prison term in Maryland before being transferred to Delaware to begin his sentence in this case. *See id.*

In December 2018, Petitioner filed his first habeas petition challenging his 1992 convictions, asserting the following grounds for relief: (1) his sentence violated the double jeopardy clause because it was imposed for the same criminal offense that occurred in Delaware and Maryland; and (2) ineffective assistance of counsel. (D.I. 1 in Burris v. May, Civ. A. No. 18-2018-LPS) The Court dismissed the petition for as time-barred. *See Burris*, 2021 WL 3679610, at *4.

Presently pending before the Court is Petitioner's second form Petition for habeas relief. (D.I. 1) The form Petition does not contain any grounds for relief or identify any particular conviction. Instead, Petitioner asserts that there are no time bars for challenging an illegal sentence und 28 U.S.C. § 2255 or Federal Rule of Criminal Procedure 35(a). (D.I. 1 at 13) He has attached a document to the Petition titled "Motion for Fed. R. Crim. P. 35(a)", in which he argues that the Delaware state courts erroneously denied his motion for correction of sentence because requiring him to register as a sex offender under 11 Del. Code § 4121(A)(4)(g) when he is released from prison will violate his right to be protected against double jeopardy. (D.I. 1 at 20) More specifically, Petitioner contends that requiring him to register as a sex offender violates double jeopardy because § 4121 only imposes the registration requirement on individuals convicted after June 27, 1994. (D.I. 1 at 21)

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas application "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas application is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior application has been decided on the merits, the prior and new applications challenge the same conviction, and the new application asserts a claim that was, or could have been, raised in a prior habeas application. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III. DISCUSSION

The instant petition challenges the same 1992 convictions and sentence for first degree unlawful sexual intercourse, second degree unlawful sexual intercourse (as the lesser-included offense of first-degree unlawful sexual intercourse), and two counts of sexual exploitation of a child that Petitioner challenged in his first petition. Petitioner could have raised the instant argument concerning the registration requirements imposed by § 4121 in his first petition, and the Court's dismissal of the first petition as time-barred constitutes an adjudication on the merits. Therefore, the instant Petition constitutes a second or successive habeas petition within the meaning of 28 U.S.C. § 2244.

Petitioner does not allege, and the record does not indicate, that the Third Circuit Court of Appeals authorized the filing of the pending petition. Consequently, the Court concludes that it lacks jurisdiction to consider the instant unauthorized second or successive habeas request. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. §

2254; *Robinson*, 313 F.3d at 139. In addition, the Court concludes that it would not be in the interest of justice to transfer this case to the Third Circuit, because nothing in the instant petition comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2). Accordingly, the Court will dismiss the instant unauthorized second or successive habeas Petition for lack of jurisdiction.[1] *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

## IV. CONCLUSION

For the reason set forth above, the Court will summarily dismiss the instant habeas Petition for lack of jurisdiction. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Dated: February 14th, 2022

_____
UNITED STATES DISTRICT JUDGE

---

[1] To the extent the instant Petition should be construed as challenging the Delaware state courts' denial of Petitioner's motion for correction of sentence, it fails to assert an issue cognizable on federal habeas review. *See Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 2000) ("The federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceedings does not enter into the habeas calculation.").